**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| SHARON SUGAR, DELORES MILLER, KEVIN RENEAU, ANNALISA SAMBUCETO, and PATRICK GRAY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>Defendant. | Case No. 2:26-cv-00528-TL<br><br>JOINT STATUS REPORT REGARDING CASE DEADLINES |

Pursuant to the Parties' Stipulated Notice of Extension of Deadlines (ECF No. 20) and Judge Lin's Standing Order for All Civil Cases ("Standing Order"), Plaintiffs Sharon Sugar, Delores Miller, Kevin Reneau, Annalisa Sambuceto, and Patrick Gray ("Plaintiffs") and Defendant Costco Wholesale Corporation ("Costco") (together, the "Parties") respectfully submit this Joint Status Report memorializing their respective positions regarding the case deadlines currently in effect.

## I. Background and Procedural History

Plaintiffs filed this Action on February 12, 2026. (ECF No. 1).

On March 3, 2026, the Parties filed a Stipulation to extend Defendant's deadline to respond to the Complaint and for a briefing schedule thereon (ECF No. 7), which the Court granted on the same day (ECF No. 8).

On March 13, 2026, the Court issued its Order Regarding Initial Disclosures and Joint Status Report (ECF No. 19) setting the following deadlines:

| Event | Deadline |
| --- | --- |
| Deadline for FRCP 26(f) Conference | April 10, 2026 |
| Initial Disclosures Pursuant to FRCP 26(a)(1) | April 24, 2026 |
| Combined Joint Status Report and Discovery Plan as Required by FRCP 26(f) and Local Civil Rule 26(f) | May 8, 2026 |

On April 2, 2026, the Parties filed a Stipulated Notice of Extension of Deadlines ("Stipulation") "to facilitate the Court's consideration of Defendant Costco Wholesale Corporation's forthcoming motion to dismiss." (ECF No. 20). On the same day, the Court reset the deadlines by Minute Order as follows:

| Event | Deadline |
| --- | --- |
| Deadline for FRCP 26(f) Conference | September 14, 2026 |
| Initial Disclosures Pursuant to FRCP 26(a)(1) | September 28, 2026 |
| Combined Joint Status Report and Discovery Plan as Required by FRCP 26(f) and Local Civil Rule 26(f) | October 13, 2026 |

On April 10, 2026, Defendant filed a motion to dismiss and a request for judicial notice. (ECF Nos. 21, 22). Plaintiffs responded by filing a First Amended Class Action Complaint on May 22, 2026, pursuant to a stipulation extending the period of time to file the First Amended Class Action Complaint and an associated agreement between the parties for a briefing schedule on a renewed motion to dismiss. (ECF Nos. 23, 24). Defendant filed a responsive motion to dismiss and request for judicial notice on June 18. (ECF Nos. 25, 26). Plaintiffs filed their oppositions to those motions on July 17 (ECF Nos. 28, 29). Defendant filed its reply on July 31. (ECF No. 30). Briefing on the motions is complete and they remain pending.

Pursuant to the Stipulation, the Parties further agreed that, "[i]n the event the Court has not ruled on the motion to dismiss by August 31, 2026, the Parties will file a stipulated motion to further extend these deadlines or a joint status report otherwise memorializing the Parties' positions." (ECF No. 20).

Counsel for Plaintiffs and Defendant conferred via telephone regarding this report on August 31, 2026 and via multiple emails. The Parties are not in agreement on further extending the

deadlines for initial disclosures and a Rule 26(f) report and discovery plan; therefore, the Parties submit this joint status report with their respective positions.

## II. Plaintiffs' Position

Plaintiffs respectfully submit that no further extension is warranted and that the deadlines set in the Stipulation should remain in place. Those deadlines have already been extended by more than five months for the express purpose of facilitating both briefing on and the Court's consideration of Defendant's motion to dismiss. That purpose has been served: the motion is fully briefed and submitted. Extending the deadlines again would convert a limited, purpose-specific accommodation into an open-ended stay of all case activity, keyed to an event whose timing no party can predict.

Pursuant to the Court's Standing Order, "[o]ther than unopposed or stipulated requests for extensions described in the preceding paragraph, deadlines remain operational until the Court has ruled on a motion to extend those deadlines." Plaintiffs understand that Defendant may file a motion to stay discovery if the current deadlines are not vacated. Plaintiffs oppose any such stay and will respond in full if one is filed. However, until such motion is filed and the Court rules upon it, the September 14, September 28, and October 13, 2026 deadlines remain in force, and Plaintiffs respectfully submit that they should not be disturbed absent a motion establishing good cause for a second extension.

Neither the Federal Rules of Civil Procedure nor this District's Local Civil Rules provide for an automatic stay of discovery upon the filing of a Rule 12 motion. The Federal Rules "do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *United States v. Bayley*, 2022 WL 1289664, at *2 (W.D. Wash. Apr. 29, 2022) (quoting *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011)). A party seeking to postpone discovery bears a heavy burden, and must make a strong showing that discovery should not proceed; "generally, a pending motion to dismiss does not constitute good cause for staying discovery." *Morgan v. Twitter, Inc.*, 2023 U.S. Dist. LEXIS 141749, *4 (E.D. Wash. Aug. 14, 2023); *Dorian v. Amazon Web Servs.*, 2022 U.S. Dist. LEXIS 140834, *3 (W.D. Wash. Aug. 8, 2022) (collecting cases). Accordingly, a defendant's "mere hope of dispositive relief" does not constitute good cause for a stay and "should not derail discovery." *Gragg v. Orange Cab Co.*, 2012 WL 12864945, at *1 (W.D. Wash. Oct. 30,

2012). As courts have observed, staying discovery based solely on a pending motion to dismiss "is directly at odds with the need for expeditious resolution of litigation." *Old Republic Title, LTD v. Kelley*, 2010 WL 4053371, at *4 (W.D. Wash. Oct. 13, 2010) (internal quotation omitted). Thus, a stay of discovery while a dispositive motion is pending "is the exception and not the rule." *White v. Skagit Bonded Collectors, LLC*, 2022 WL 508825, at *1 (W.D. Wash. Jan. 24, 2022).

Finally, the burden Defendant would avoid is minimal. A Rule 26(f) conference requires that counsel confer about the nature and basis of the claims and defenses, the possibilities for settlement, initial disclosures, preservation of discoverable information, and a proposed discovery plan. FED. R. CIV. P. 26(f)(2). Those subjects cost the Parties little now and saves time later. On the other hand, continued delay prejudices Plaintiffs and the putative Class. This case concerns food-safety records, plant operations data, and electronically stored information in Defendant's possession that may be subject to retention schedules, as well as the recollections of employees at a facility with ongoing personnel turnover. Each additional month of inactivity increases the risk that relevant evidence degrades or is lost, and it delays the Parties' ability to negotiate the preservation and ESI protocols that would guard against that risk. Meanwhile, the conduct challenged in the First Amended Complaint is ongoing, and Plaintiffs seek injunctive relief directed at it. (ECF No. 24).

Plaintiffs therefore respectfully request that the Court decline to further extend the deadlines set forth in the Parties' Stipulation at ECF No. 20, and that the Parties proceed with their Rule 26(f) conference on or before September 14, 2026, exchange initial disclosures on or before September 28, 2026, and file their combined Joint Status Report and Discovery Plan on or before October 13, 2026. Plaintiffs reserve the right to seek appropriate relief from the Court if the Parties are unable to conduct the Rule 26(f) conference by the operative deadline.

**III. Defendant's Position**

Costco respectfully submits that deadlines in the April 2, 2026, Minute Order should be extended until after the Court rules on the pending Motion to Dismiss. The parties' Stipulation extending the deadlines represented a compromise by Costco, whose position was (and remains) that discovery in this matter should be stayed until the Court rules on its Motion to Dismiss. That position was informed by the relevant standards governing the stay of discovery while a dispositive Rule 12

motion is pending. *See Subspace Omega, LLC v. Amazon Web Servs., Inc.*, No. 23-cv-01772-TL, 2024 WL 4451404, at *1 (W.D. Wash. Oct 9, 2024) (identifying factors).

***First***, Costco's Motion to Dismiss "is not frivolous and could dispose of the entire case, as [Costco] seeks dismissal of all of [Plaintiffs'] claims" on both jurisdictional *and* merits grounds. *Id.* at *2. Costco's Motion "may be completely dispositive," so this factors tips in favor of a stay. *Id.*

***Second***, Costco's Motion "will be necessarily decided without additional discovery, as the Court is required to accept [Plaintiffs' amended] complaint as true." *Id.* at *2; *see Abrams v. Enright*, No. 22-cv-05826-BHS-JRC, 2023 WL 11818109, at *1 (W.D. Wash. Mar. 29, 2023) (staying discovery where motion "tests the sufficiency of the allegations" and "can be decided without any additional discovery").

***Third and fourth***, a stay would not pose any risk of damage, hardship, or inequity. Costco's position has consistently remained that discovery should not proceed while its Motion to Dismiss remains pending—and thus the Stipulation was entered into "to facilitate the Court's consideration of [Costco's] motion to dismiss." *Supra* p. 2 (quoting ECF No. 20). No developments since then have diminished the propriety of allowing the Court to rule on Costco's Motion before discovery begins. Moreover, the filing of a second motion to dismiss was necessitated by Plaintiffs' decision to amend, a tactical choice that discredits the notion that discovery must proceed immediately. *See Subspace*, 2024 WL 4451404, at *2. Plaintiffs' present claim to prejudice is just rote invocation of "delay," which is inadequate. *See id.* ("[C]ontrary to Plaintiff's contention, a stay will not shorten or otherwise prejudice Plaintiff's ability to complete discovery, as the Court will allow the Parties to request a new case schedule, if appropriate, after its ruling on the Motion to Dismiss is issued." (citation omitted)).

***Fifth***, "even if [Costco's Motion] does not result in complete dismissal of all claims, the issues are more likely to be simplified than complicated, and the Parties will have a greater understanding of the claims as they engage in discovery." *Id.* The orderly course of justice thus supports a further stay of discovery. *See Abrams*, 2023 WL 11818109, at *1 ("Where discovery will not affect the 12(b) decision, staying discovery ensures the defendant's motion is properly addressed and advances 'the goals of efficiency for the court and litigants.'" (quoting *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988))).

Ultimately, a stay of discovery is what is most consistent with an orderly prosecution of the case and presents no material risk of harm to Plaintiffs. Either Costco will prevail on its Motion to Dismiss (in which case "any discovery sought by [Plaintiffs] will become unnecessary") or the case will continue on a revised schedule. *Id.* At the very least, an additional five-month extension with a future reporting requirement is appropriate under the circumstances. If the Court requires additional information to inform its decision on a stay or extension of the present deadlines, Costco respectfully requests an opportunity to address these issues in a fully briefed motion to stay.

## IV. Conclusion

The Parties respectfully submit this Joint Status Report for the Court's consideration and stand ready to proceed as the Court directs.

Dated: September 3, 2026

Respectfully submitted,

By: */s/ Kaleigh N. Boyd*

Kaleigh N. Boyd (WSBA No. 52684)

MCNAUL EBEL PLLC
One Union Square
600 University Street, Suite 2700
Seattle, Washington 98101
Tel: (206) 467-1816
kboyd@mcnaul.com

Steven A. Schwartz*
Beena M. McDonald, *pro hac vice*
Dylan D. Altland*
CHIMICLES SCHWARTZ KRINER
& DONALDSON-SMITH LLP
One Haverford Centre
361 Lancaster Avenue
Haverford, PA 19041
Tel.: 610.642.8500
sas@chimicles.com
bmm@chimicles.com
dda@chimicles.com

James J. Rosemergy, *pro hac vice*
CAREY & DANIS
8235 Forsyth, Suite 1100
St. Louis, MO 63105
Tel.: 314.725.7700
Fax: 314.721.0905
jrosemergy@careydanis.com

** to be admitted Pro Hac Vice*

*Attorneys for Plaintiffs and the Putative Class*

By: */s/ Charles C. Sipos*
*(via email authorization)*
Charles C. Sipos, WSBA No. 32825
Kathleen M. O'Sullivan, WSBA No. 27850
Jonathan P. Hawley, WSBA No. 56297
Christine E. Gibbs, WSBA No. 62949
PERKINS COIE LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Telephone: (206) 359-8000
Facsimile: (206) 359-9000
CSipos@perkinscoie.com
KOSullivan@perkinscoie.com
JHawley@perkinscoie.com
ChristineGibbs@perkinscoie.com

*Counsel for Defendant*